UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
COURT FILE NO.: 12-cv-2823 PJS/JJG

Melanie Walsh and Louie Walsh, on behalf of themselves and all others similarly situated,

            Plaintiffs,

v.

John W. Prosser, individually, Prosser Holdings LLC d/b/a A.C. Financial, and Automotive Restyling Concepts Inc. d/b/a Automotive Concepts,

            Defendants.

**REPORT AND RECOMMENDATION PRELIMINARILY APPROVING CLASS ACTION SETTLEMENT**

This matter came on for hearing before the undersigned United States Judge on May 23, 2014, upon the Unopposed Motion for Preliminary Approval of Class Action Settlement (ECF No. 95), pursuant to Rule 23 of the Federal Rules of Civil Procedure for preliminary approval of the proposed class action settlement ("Proposed Settlement") of the above-described action, as set forth in a Stipulation of Settlement dated May 16, 2014, ("Stipulation") signed by Counsel for Plaintiff and the Defendants. All capitalized terms in this Order shall have the meanings given them in the Stipulation.

Plaintiffs Melanie Walsh (hereinafter "Plaintiff') was represented by their counsel Thomas J. Lyons, Jr. of the Consumer Justice Center P.A. (hereinafter "Class Counsel"). Defendants John W. Prosser, individually, Prosser Holdings LLC d/b/a A.C. Financial, and Automotive Restyling Concepts Inc. d/b/a Automotive Concepts (hereinafter

"Defendants"), was represented by its counsel William Henney, Esq.

The Court having heard the arguments of counsel, having reviewed the Stipulation, its exhibits, and other submissions of the parties, having considered all of the files, records, and pleadings in the Action, and being otherwise fully advised:

**IT IS HEREBY ORDERED**, pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, that:

1. The representations, agreements, terms, and conditions of the parties' Proposed Settlement, as embodied in the Stipulation and the exhibits attached hereto, are preliminarily approved pending a final hearing on the Proposed Settlement as provided herein.

2. For purposes of the Proposed Settlement only, the Court hereby certifies plaintiffs' classes, pursuant to Fed. R. Civ. P. 23(b)(3), as follows:

> The 53C class is "ALL PERSONS WHO, DURING THE TIME PERIOD FROM MAY 1, 2011 THROUGH APRIL 16, 2012 INCLUSIVE, FINANCED AN AUTOMOBILE PURCHASE WITH PROSSER HOLDINGS LLC D/B/A A.C. FINANCIAL."
>
> The EFTA class is "ALL PERSONS WHO, DURING THE TIME PERIOD FROM MAY 1, 2011 THROUGH APRIL 16, 2012 INCLUSIVE, FINANCED AN AUTOMOBILE WITH PROSSER HOLDINGS LLC D/B/A A.C. FINANCIAL, AND WERE REQUIRED TO AGREE TO PREAUTHORIZED ELECTRONIC FUND TRANSFERS AS A CONDITION OF RECEIVING CREDIT."

The foregoing are the "Settlement Classes," and its members are "Class Members."

In support of the Settlement Classes, the Court finds as follows:

The parties do not dispute, and the Court finds, that there are a sufficient number of Class Members to satisfy the numerosity requirement of Federal Rule of Civil Procedure 23(a)(1). Specifically as to the 53C Class, the Court finds that, given the documentary evidence found with the Minnesota Department of Public Safety, the members are listed in Sealed Exhibit A, for a total of 107 members. With regard to the EFTA Class, and based upon the Defendant's sworn affidavit, the members listed in Sealed Exhibit B shall be included for a total of 89 members.

There are questions of law and fact common to all Class Members. Such questions include, but are not necessarily limited to, the following:

- Whether there was a willful violation of MMVRISA with respect to any persons who received financing from Prosser Holdings LLC; and

- Whether there was a willful violation of EFTA with respect to any persons who received financing from Prosser Holdings LLC and was required to sign an agreement to allow for electronic funds transfers as a requirement for financing.

Plaintiff's claims are typical of the claims of the members of the Settlement Classes. Plaintiff is a member of both Settlement Classes and allege that the same conduct of Defendants applies to her as well as the other members of the Settlement Class. Plaintiffs' claims are not in conflict with or antagonistic to the claims of the Settlement Classes as a whole. The claims of Plaintiffs and other members of the Settlement Classes are based upon corresponding theories.

Plaintiff Melanie Walsh, as Class Representative, and Class Counsel can fairly and adequately represent the interest of the Settlement Classes.

Questions of law and fact common to all members of the 53C and EFTA

Settlement Classes predominate over any questions affecting on individual members for settlement purposes. These classes for settlement purposes are superior to other available methods for the fair and efficient adjudication of this controversy.

3. If for any reason the Stipulation ultimately does not become effective, Defendants' conditional withdrawal of its objections to the certification of a settlement class shall be null and void in its entirety; this Order certifying a class shall be vacated; the parties shall return to their respective positions in this lawsuit as those positions existed immediately before May 23, 2014, and nothing stated in the Stipulation or in this Order shall be deemed an admission or waiver of any kind by any of the parties or used as evidence against, or over the objection of, any of the parties for any purpose in this action or in any other action or proceeding of any kind.

4. Having reviewed the proposed Notice of Proposed Class Action Settlement attached together as Exhibit B1-4 to the Stipulation, the Court hereby approves and directs that Defendants cause the Notice to be directly mailed to those Class Members who can be readily determined from the records of Defendants.

5. The Court finds and determines that direct mail notice given to Class Members in accordance with paragraph 4 herein, constitutes the best notice practicable under the circumstances, constitutes due and sufficient notice of the Proposed Settlement and the matters set forth in said notice to all persons entitled to receive notice, and fully satisfies the requirements of due process and of Fed. R. Civ. P. 23.

6. Any Class Member who desires to request exclusion from the Settlement Class, must file a written Claim or a written Statement of Exclusion in the form and

manner required by the Notice of Settlement by August 25, 2014. Statements of Exclusion must be addressed to Class Settlement Administrator the following address:

> Class Settlement Administrator
> c/o William H. Henney, Esquire
> 5101 Thimsen Avenue
> Suite 200
> Minnetonka, MN 55345

7. A hearing will be held before the Honorable Judge Patrick J. Schiltz, **at 8:30 a.m. on September 15, 2014** in Courtroom 14E, United States District Court, 300 South Fourth Street, Minneapolis, Minnesota ("Final Settlement Hearing"), to determine: (a) whether the Proposed Settlement set forth in the Stipulation should be approved as fair, reasonable, adequate, and in the best interests of the Settlement Classes; (b) whether a final judgment should be entered dismissing the claims of Plaintiffs and the Class Members with prejudice and on the merits, as required by the Stipulation; (c) whether to approve, with or without modification, the Class Representative's application for an award of $500.00 and an award of attorney's fees, costs, expenses, and disbursements of Class Counsel ("Fee Petition") and (d) whether to approve the cy pres award requested by the parties. The Final Settlement Hearing is subject to continuation or adjournment by the Court without further notice.

8. No later than August 1, 2014, Defendants shall cause a declaration to be filed with the Court certifying that notice has been directly mailed to members of the Settlement Classes, as agreed in the Settlement Stipulation and as directed in this Order. Any Class Member who wishes to object to the Proposed Settlement, or to appear at the Final Settlement Hearing and show cause, if any, why the same should not be approved as

fair, reasonable, adequate, and in the best interests of the Settlement Class, or why a final judgment should not be entered thereon, must serve and file written objections in the form and manner required by the Notice of Settlement. Such written objections must be addressed to the Court Administrator; must be filed with, and received by, the Court Administrator no later than August 25, 2014; must contain the objector's full name, telephone number, and current address; must declare that the objector received financing from Defendants and/or as part of the financing with Defendants was required to agree to preauthorized electronic fund transfer as a condition to receiving credit, between May 1, 2011, and April 16, 2012; must provide a detailed statement of the objector's specific objections to any matter before the Court and the grounds therefore. Copies of all materials also must be filed with the Clerk of Court and served upon the Class Settlement Administrator on or before August 25, 2014 at the following addresses:

>           Clerk of Court
>           United States Courthouse
>           316 North Robert Street
>           St. Paul, MN 55101
>
>           Class Settlement Administrator
>           c/o William H. Henney, Esquire
>           5101 Thimsen Avenue
>           Suite 200
>           Minnetonka, MN 55345

9. No person shall be entitled to object to the Proposed. Settlement, to the final judgment to be entered in the Action, to any award of a Class Representative fee or of attorneys' fees, costs, expenses, and disbursements to Class Counsel, or otherwise to be heard, except by serving and filing a written notice of intention to appear and written

objections in the form and manner, and by the date required herein and by the Notice of Settlement. Any person who fails to object in the manner and by the date required shall be deemed to have waived any objections, and shall be forever barred from raising such objections in this or any other action or proceeding.

10. From the date of entry of this Order until the Court holds the Final Settlement Hearing and determines the matters set forth in paragraph 7 of this Order, all Class Members (except those who have served a timely Statement of Exclusion) shall be barred from asserting against the Defendants any claims for which a Release and Covenant Not to Sue will be given, consistent with paragraph 8 of the Stipulation, if the Court approves the Proposed Settlement.

11. Upon the entry of final judgment after the Final Settlement Hearing, Plaintiffs and all Class Members (except those who have served a timely Statement of Exclusion) shall be forever barred from asserting against Defendants any claims that are being released in accordance with paragraph 8 of the Stipulation and Plaintiffs and all Class Members shall be conclusively deemed to have released any and all such claims.

12. Following the entry of final judgment after the Final Settlement Hearing, and upon the date that the settlement becomes Final and Effective within the meaning of those terms in the Stipulation, which will occur on the date upon which the judgment in this action becomes not subject to further appeal or review, only persons who are Class Members as described in paragraph 5(a) of the Stipulation, who have submitted timely claims pursuant to the Stipulation and the Notice of Settlement, and who have not requested exclusion, shall be entitled to a Settlement Voucher as described in paragraph 5

of the Stipulation.

13. The parties entered into the Stipulation solely for the purpose of compromising and settling disputed claims. Defendants have at all times denied, and continues to deny, any wrongful act or omission alleged by Plaintiffs in this Action and any liability of any sort to Plaintiffs or any member of the Settlement Class. Nothing contained in the Stipulation, in any document relating to the Stipulation, or in this Order shall be construed, deemed or offered as an admission by Plaintiffs or Defendants, or by any member of the Settlement Class, for any purpose in any judicial or administrative action or proceeding, whether in law or in equity.

14. The parties are ordered to take all reasonable steps necessary to complete this settlement in compliance with the following timeline:

| Date | Event |
| --- | --- |
| May 16, 2014 | File Preliminary Approval Motion |
| May 23, 2014 | Attend the Preliminary Approval Hearing |
| July 25, 2014 | Complete Notice to the Settlement Classes |
| August 1, 2014 | Third Party Administrator File declaration certifying that notice has been directly mailed emailed to the Settlement |
| August 25, 2014 | Deadline for Objections or Statements of Exclusion |
| August 29, 2014 | Third Party Administrator to report Objections or Statements of Exclusion |
|  | File Final Approval Motion, including Motion for award for class representative and attorneys' fees and costs. |
|  | File Defendant's response (if any) to Plaintiff's Motion for Attorney Fees and Costs. |

| Date | Event |
|---|---|
| September 15, 2014 at 8:30 a.m. | Attend the Final Approval Hearing |
|  | Pay Class Representatives Awards and Plaintiffs' Counsel Fees and Costs within 10 business days after the Effective Date |
|  | Distribute Settlement payments and credit notices or both within 14 days after the Effective Date of the Final Approval Order |
|  | Pay Cy Pres awards within 75 days after distribution of settlement checks (settlement checks are only valid for 60 days) |

15. The Court reserves the right to adjourn or continue the Final Settlement Hearing, and any adjournment or continuance may be without further notice of any kind other than oral announcement at the Final Settlement Hearing or at any hearing later.

**IT IS SO RECOMMENDED.**

Dated:  July 9, 2014         s/ *Jeanne J. Graham*
                             JEANNE J. GRAHAM
                             United States Magistrate Judge

9