UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| MELANIE WALSH and LOUIE WALSH, on behalf of themselves and all others similarly situated, | Case No. 12-CV-2823 (PJS/JJG) |
| Plaintiffs, | ORDER |
| v. | |
| JOHN W. PROSSER, individually; PROSSER HOLDINGS LLC d/b/a A.C. FINANCIAL; and AUTOMOTIVE RESTYLING CONCEPTS INC. d/b/a AUTOMOTIVE CONCEPTS, | |
| Defendants. | |

Thomas J. Lyons, CONSUMER JUSTICE CENTER, P.A., for plaintiffs.

William H. Henney, for defendants.

Plaintiffs filed this class-action lawsuit against defendant John W. Prosser and his corporate alter egos. ECF No. 1 ¶ 1. Plaintiffs claim that, in the course of making car loans to them, defendants violated the Electronic Fund Transfer Act ("EFTA"), 15 U.S.C. § 1693k, and the Minnesota Motor Vehicle Retail Installment Sales Act ("MMVRISA"), Minn. Stat. § 53C.02. *Id.* ¶¶ 34, 73. Specifically, plaintiffs allege that defendants illegally conditioned loans on the preauthorization of electronic fund transfers for loan payments and created retail installment sales contracts without the appropriate licenses. *Id.*

After more than a year of discovery and pretrial litigation, the parties agreed to settle the case. ECF No. 134. Under the settlement, each class member who preauthorized electronic fund transfers would receive $50, and each class member who financed the purchase of a car with an

installment contract would receive $625. *Id.* at 3, 12. The defendants deny "any fault, wrongdoing, or liability whatsoever." *Id.* at 5.

Magistrate Judge Jeanne J. Graham — who devoted many hours to helping the parties reach the settlement — recommended preliminarily approving the settlement under Fed. R. Civ. P. 23(e), ECF No. 106, and the Court adopted Judge Graham's recommendation, ECF No. 109. The Court certified two settlement classes: an "EFTA class"[1] and a "53C class."[2] ECF No. 106 at 2.

This matter is before the Court on plaintiffs' unopposed motion for final approval of the class-action settlement. ECF No. 122. Plaintiffs also have filed motions for attorney's fees, ECF No. 126, and to enforce the terms of an earlier, private settlement between the defendants and an individual class member, ECF No. 111. The Court will grant the motion for final approval of the settlement and award some attorney's fees to plaintiffs, but not all of the fees that they seek.

## I. APPROVAL OF CLASS-ACTION SETTLEMENT

Under Fed. R. Civ. P. 23(e), a settlement of a class action must be approved by a court. A court may approve a class-action settlement only after a hearing and only after finding that the settlement is "fair, reasonable, and adequate." Fed. R. Civ. P. 23(e)(2). To determine whether a settlement is "fair, reasonable, and adequate," a court must consider (1) the merits of the plaintiffs' case weighed against the terms of the settlement, (2) the defendants' financial

---

[1] "All persons who, during the time period from May 1, 2011 through April 16, 2012 inclusive, financed an automobile purchase with Prosser Holdings LLC d/b/a A.C. Financial, and were required to agree to preauthorized electronic fund transfers as a condition of receiving credit."

[2] "All persons who, during the time period from May 1, 2011 through April 16, 2012 inclusive, financed an automobile purchase with Prosser Holdings LLC d/b/a A.C. Financial."

condition, (3) the complexity and expense of further litigation, and (4) the amount of opposition to the settlement. *In re Uponor, Inc., F1807 Plumbing Fittings Prods. Liab. Litig.*, 716 F.3d 1057, 1063 (8th Cir. 2013); *Van Horn v. Trickey*, 840 F.2d 604, 607 (8th Cir. 1988).

Here, the defendants' financial condition is not in question, and not a single class member opposes the settlement. As for the merits of the suit and complexity of further litigation, plaintiffs have evidence that a class representative was told that she had to consent to preauthorized transfers as a condition of receiving a loan, ECF No. 41 ¶ 3 (Walsh Decl.) — evidence that, if credited by the factfinder, would establish a violation of 15 U.S.C. § 1693k. Moreover, defendants concede that they did not have a license to create retail installment sales contracts, which would suggest that, if they in fact created such contracts, they acted in violation of Minn. Stat. § 53C.02. Still, plaintiffs' success was not guaranteed, in light of the difficulty of proving what the defendants told each class member regarding preauthorized transfers and the uncertainty of the measure of damages under the virtually incomprehensible remedies section of the MMVRISA, § 53C.12. The settlement agreement — negotiated at arm's length with the help of Judge Graham — reasonably balances the strength of the claims and the uncertainties of further litigation. The Court therefore approves the class-action settlement.

## II.  ATTORNEY'S FEES

Plaintiffs also request $75,000 in attorney's fees, relying on 15 U.S.C. § 1693m(a)(3) and Minn. Stat. § 53C.12. ECF No. 128. The settlement agreement provides that "Defendants agree not to oppose a request of $42,500 or a lesser amount." ECF No. 134 at 14. Because plaintiffs' request is unopposed except for the amount exceeding $42,500, the Court will award $42,500 in

fees to plaintiffs' counsel. But the Court will not award any greater amount, as the statutes on which plaintiffs rely offer no basis for such an award.

Section 1693m(a) allows recovery of fees only when the defendant "fails to comply with" a provision of EFTA. Similarly, § 53C.12 authorizes recovery of fees only in cases of "fraudulent violations" of — or a "failure to comply with" — the statute's substantive requirements. In other words, both statutes condition the award of attorney's fees on a finding that the defendant violated the statute. In this case, however, the Court has not found — and defendants have not admitted — that defendants committed a single unlawful act. To the contrary, the settlement recites that "Defendants deny any fault, wrongdoing, or liability whatsover." ECF No. 134 at 5.

Class-action settlements normally do not make plaintiffs "prevailing parties" for purposes of fee-shifting statutes, *see Christina A. ex rel. Jennifer A. v. Bloomberg*, 315 F.3d 990, 992-94 (8th Cir. 2003), and the general rule is that parties must pay their own attorney's fees, *Buckhannon Bd. & Care Home, Inc. v. W. Va. Dep't of Health & Human Res.*, 532 U.S. 598, 602 (2001). Plaintiffs have cited no authority that would permit this Court to award attorney's fees when no defendant has been found to have violated any statute and no defendant has admitted to violating any statute. For that reason, the Court will limit the attorney's-fee award to the portion of the request that is not opposed — that is, to $42,500.

### III.  MOTION TO ENFORCE PRIVATE SETTLEMENT

Finally, plaintiffs have filed a motion to enforce the terms of an earlier settlement of other claims that were pursued by plaintiffs on their own behalf rather than on behalf of the class. Plaintiffs allege that defendants have failed to make the payments required under the

settlement.  ECF No. 113.  Based on the parties' representations at the hearing, the Court understands that defendants have since made the contested payments, and that plaintiffs have withdrawn their demand to enforce the settlement.  But plaintiffs continue to seek an award of the fees that they incurred when their attorney had to take steps to force defendants to honor the settlement.

This is not the first time that the parties have clashed over settlement payments.  In resolving a similar motion, Judge Graham encouraged the parties to address future disputes with "a meet-and-confer or telephone call with chambers" to avoid costly litigation.  ECF No. 91 at 5.  The record reflects that the parties conferred *after* the pending motion was filed, but not before, and that the parties made no effort to seek the assistance of Judge Graham.  ECF No. 116.  Although the Court is sympathetic to plaintiffs' frustration, filing and briefing another formal motion was an inefficient way of compelling defendants to make the promised payments.  A simple call to Judge Graham would almost surely have taken care of the problem.  Thus, the Court will award plaintiffs only $500 in attorney's fees, rather than the $4,000 that they have requested.

ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein, IT IS HEREBY ORDERED THAT:

1. Plaintiffs' motion for final approval of the class-action settlement [ECF No. 122] is GRANTED.

2. Plaintiffs' motion for attorney's fees [ECF No. 126] is GRANTED IN PART AND DENIED IN PART.  Plaintiffs are awarded $42,500 in attorney's fees.

3. Plaintiffs' motion to enforce the settlement [ECF No. 111] is GRANTED IN PART AND DENIED IN PART.  Plaintiffs are awarded $500 in attorney's fees.

Dated:  October 27, 2014              s/Patrick J. Schiltz
                                      Patrick J. Schiltz
                                      United States District Judge