UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| MELANIE WALSH and LOUIE WALSH, on behalf of themselves and all others similarly situated, | Case No. 12-CV-2823 (PJS/JJG) |
| Plaintiffs, | ORDER |
| v. | |
| JOHN W. PROSSER, individually; PROSSER HOLDINGS LLC d/b/a A.C. FINANCIAL; and AUTOMOTIVE RESTYLING CONCEPTS INC. d/b/a AUTOMOTIVE CONCEPTS, | |
| Defendants. | |

Thomas J. Lyons, CONSUMER JUSTICE CENTER, P.A., for plaintiffs.

Plaintiffs filed a class-action lawsuit against defendant John W. Prosser and his corporate alter egos. ECF No. 1. Plaintiffs claimed that, in the course of making car loans to them, defendants violated the Electronic Fund Transfer Act ("EFTA"), 15 U.S.C. § 1693k, and the Minnesota Motor Vehicle Retail Installment Sales Act ("MMVRISA"), Minn. Stat. § 53C.02. Eventually, the parties reached a settlement, which was approved by the Court. ECF Nos. 97, 137, 138. The defendants agreed not to oppose a request by plaintiffs to be awarded up to $42,500 in attorney's fees. Plaintiffs requested $75,000 in fees, however, and defendants opposed that request to the extent that it exceeded $42,500.

The Court agreed with defendants and awarded only the uncontested portion of plaintiffs' fee request. ECF No. 137. The Court pointed out that plaintiffs sought fees under EFTA (specifically, 15 U.S.C. § 1693m(a)(3)) and the MMVRISA (specifically, Minn. Stat. § 53C.12), but both provisions condition the plaintiff's recovery of attorney's fees on a finding that the

defendant violated a substantive provision of the respective laws.  Because this Court had made no finding that defendants had acted unlawfully — and because, under the terms of the settlement agreement, the defendants explicitly denied violating either statute — the Court concluded that plaintiffs had provided no authority to override the "American Rule" that parties bear their own attorney's fees and costs.

This matter is before the Court on plaintiffs' letter request to file a motion for reconsideration.  ECF No. 140.  In this District, motions to reconsider are prohibited absent the Court's prior permission.  D. Minn. L.R. 7.1(j).  To obtain such permission, a party must show "compelling circumstances . . . ."  *Id.*; *see also Nelson v. Am. Home Assur. Co.*, 702 F.3d 1038, 1043 (8th Cir. 2012) (noting that motions to reconsider are treated as Fed. R. Civ. P. 60(b) motions when directed at non-final orders and require a showing of exceptional circumstances necessitating extraordinary relief).

Plaintiffs maintain that the Court should have granted additional attorney's fees and direct the Court's attention to four district-court decisions:  *Johnson v. Midw. ATM, Inc.*, 881 F. Supp. 2d 1071 (D. Minn. 2012); *In re Toys R Us-Del., Inc. — Fair & Accurate Credit Transactions Act (FACTA) Litig.*, 295 F.R.D. 438 (C.D. Cal. 2014); *Cox v. Clarus Marketing Grp., LLC*, 291 F.R.D. 473 (S.D. Cal. 2013); *Serrano v. Sterling Testing Sys., Inc.*, 711 F. Supp. 2d 402 (E.D. Pa. 2010).  But none of these cases remotely suggests that the Court was mistaken, much less establishes "compelling circumstances" to revisit the Court's order.  In three of the four cases, the defendants explicitly agreed not to oppose a request by the plaintiffs for attorney's fees up to a particular amount, and the courts granted fees within that amount.  *See*

*Toys R Us*, 295 F.R.D. at 448, 461, 468; *Cox*, 291 F.R.D. at 478;[1] *Serrano*, 711 F. Supp. 2d at 418.  In the fourth case, the defendant agreed to pay reasonable attorney's fees as part of an offer of judgment under Fed. R. Civ. P. 68.  *See Johnson*, 881 F. Supp. 2d at 1073, 1075.

In short, in all four of the cases cited by plaintiffs, the courts awarded attorney's fees only to the extent that had been agreed upon by the defendants.  That is precisely what the Court did in this case, reflecting the fact that Fed. R. Civ. P. 23(h) allows awards of attorney's fees "that are authorized by law *or by the parties' agreement*."  (Emphasis added.)  None of the cases cited by plaintiffs in any way suggests that this Court erred in finding that it had no authority to grant attorney's fees under EFTA or MMVRISA without the agreement of the parties and in the absence of any finding that the defendant had violated either statute.

ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein, IT IS HEREBY ORDERED THAT plaintiffs' letter request to bring a motion for reconsideration [ECF No. 140] is DENIED.

Dated: November 14, 2014        s/Patrick J. Schiltz
                                Patrick J. Schiltz
                                United States District Judge

---

[1] Although the *Cox* decision states only that "[c]lass counsel agreed not to seek an award for attorneys' fees and costs in excess of $640,000," *Cox*, 291 F.R.D. at 478, a review of the underlying settlement agreement confirms that the defendants agreed "not to *oppose* Class Counsel's application for an attorneys' fees and costs award of up to, and not more than, $640,000 in fees and costs . . . ." ECF No. 23-2, ¶ 2.5 (emphasis added), *Cox v. Clarus Marketing Grp.*, No. 11-CV-2711 H (RBB) (S.D. Cal.).  And, in fact, the defendants did not oppose the plaintiffs' request for attorney's fees.  ECF No. 34.